553 So.2d 189 (1989)
SARASOTA COUNTY PUBLIC HOSPITAL BOARD D/B/a Memorial Hospital, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES and Hca Doctors Hospital of Sarasota, Appellee.
No. 88-03362.
District Court of Appeal of Florida, Second District.
October 11, 1989.
Rehearing Denied December 12, 1989.
*190 Robert A. Weiss of Parker, Hudson, Ranier & Dobbs, Tallahassee, and A. Lamar Matthews, Jr. and Theodore C. Eastmoore of Williams, Parker, Harrison, Dietz & Getzen, Sarasota, for appellant.
Lesley Mendelson, Tallahassee, for appellee Department of Health and Rehabilitative Services.
Donna H. Stinson of Moyle, Flanigan, Katz, FitzGerald & Sheehan, P.A., Tallahassee, for appellee HCA Doctors of Sarasota.
HALL, Judge.
Sarasota County Public Hospital Board d/b/a Memorial Hospital appeals the final order of the Department of Health and Rehabilitative Services dismissing for lack of standing its petition for a formal administrative hearing to comparatively review its certificate of need application with that of HCA Doctors Hospital of Sarasota. We reverse.
In March of 1988 both Memorial Hospital and Doctors Hospital filed certificate of need applications to construct acute care hospitals providing similar services within close proximity to each other in the city of Sarasota. Neither application proposed the addition of beds above licensed capacity. Rather, Doctors Hospital proposed to construct a completely new replacement of its existing physical plant at a different location, based on the recommendation of architectural firms it retained that replacement would be more efficient than renovation of the existing plant. HRS architects made the same determination. Memorial Hospital proposed to construct a satellite hospital by transferring beds from its main physical plant. HRS received both applications in the same reviewing cycle but it did not comparatively review the applications because it was of the opinion that Doctors' was reviewable as a capital expenditure and Memorial's was reviewable as an additional health care facility.
HRS issued notices of intent to approve Doctors' application and to deny Memorial's application. Memorial contested HRS's decisions in a petition for a formal administrative hearing in which it sought comparative review of the two applications pursuant to subsections 381.709(1) and (5), Florida Statutes (1987), and Rule 10-5.008(2)(b) of the Florida Administrative Code, on the basis that both proposed the construction of comparable facilities providing the same range of services and both intended to serve the growing population of eastern Sarasota County.
Doctors moved to dismiss Memorial's petition on the grounds that Doctors' application is only reviewable pursuant to section 381.706(1)(c), which section provides for review of applications for capital expenditures, and that section 381.709(5)(b) provides in pertinent part "that existing health care providers other than the applicant, have no standing or right to initiate or intervene in an administrative hearing involving a health care project which is subject to certificate-of-need review solely on the basis of s. 381.706(1)(c)."
Memorial responded to Doctors' motion by asserting that nowhere in the statutes or rules of administration is the right to comparative review governed by the specific statutory criteria pursuant to which applications for certificates of need are subject to review. Rather, the right to comparative review is set forth in section 381.709(1): *191 "REVIEW CYCLES.  The department by rule ... shall provide for all completed applications pertaining to similar types of services, facilities, or equipment affecting the same service district to be considered in relation to each other no less often than two times a year." Memorial further asserted that the state agency action report prepared with regard to its application contained several references to the fact that Doctors had filed an application and, if Doctors' application was approved, a duplication of services would result since Memorial's satellite facility would be only two miles away.
After conducting a hearing on Doctors' motion to dismiss, the hearing officer issued an order in which he recommended that the motion be granted for the reasons asserted therein by Doctors. The hearing officer cited sections 381.709(5)(b) and 381.706(1)(c) and concluded that Doctors' proposed project was properly classified as a capital project since it involved the expenditure of more than one million dollars. If it had not met that threshold amount, it would not have required review as it did not fit in to any of the other project descriptions in section 381.706(1)(a)-(n). The hearing officer concluded that it could not reasonably be said that Memorial's established program will be substantially affected by Doctors' proposal nor that the two proposals are comparable or competing.
HRS adopted the hearing officer's recommended order in its final order dismissing Memorial's challenge to Doctors' application for lack of standing.
Doctors' arguments and the conclusions of the administrative orders are correct in that, according to section 381.709(5)(b), Memorial does not have standing to initiate a comparative review administrative hearing with regard to its and Doctors' applications if Doctors' application is reviewable solely as a capital expenditure project pursuant to section 381.706(1)(c). However, these statutory provisions notwithstanding, it is clear from the record that Doctors' and Memorial's projects were compared to some degree. Robert May, the certificate of need review consultant who prepared the state agency action reports on both Doctors' and Memorial's applications, testified that his knowledge of both applications had a bearing on his review of both because he was looking at two major projects in the same service area involving multimillion dollar capital expenditures. In the report he prepared on Memorial's application, May mentioned Doctors' application several times. The most telling comment is as follows:
The proposed facility satellite would not only be expensive to construct and equip ($28 million) but its establishment could be a duplication of health care services. Doctor's [sic] Memorial [sic] Hospital, is being reviewed in the same batching cycle for the relocation of its facility based on physical plant deficiencies and age of the facility. If the department approved this relocation, Doctor's [sic] Memorial [sic] would be within 2.1 miles of the proposed satellite facility.
It seems to us that May's concern with duplication of services by two hospitals being within 2.1 miles of each other can only be based on a concern that the area to be serviced by both projects could not support both, i.e., could not support the number of beds in both projects. In other words, Mr. May was, at least in part, determining the need for health care in eastern Sarasota County[1] in accordance with a quantitative standard. A determination made in this manner indicates that the applications are mutually exclusive and, under Bio-Medical Applications v. Dept. of Health, 370 So.2d 19 (Fla. 2d DCA 1979), they must be comparatively reviewed.
In Bio-Medical, Bio-Medical Applications of Clearwater, Inc., which had filed an application for a certificate of need and capital expenditure approval to construct a kidney dialysis center in Clearwater, *192 sought to consolidate the review proceedings on its application with those on Kidneycare's, which was a nearly identical application. This court applied the ruling of Ashbacker Radio Corp. v. F.C.C., 326 U.S. 327, 66 S.Ct. 148, 90 L.Ed. 108 (1945), that the grant of one of two bona fide and mutually exclusive applications for administrative approval without a hearing on both deprives the loser of the hearing to which he is entitled and held that a material error in procedure had occurred, § 120.68(8), Fla. Stat. (1977). 370 So.2d at 23. This court stated that the basis for the Ashbacker ruling is the fundamental doctrine of fair play "which administrative agencies must diligently respect and courts must be ever alert to enforce." Id.
This fundamental doctrine of fair play is particularly applicable to the instant case because there was some comparison of Doctors' application during the review of Memorial's application and fairness dictates that Memorial is entitled to an opportunity to be heard at the same time as Doctors: "Only in that way can each party be given a fair opportunity to persuade the agency that its proposal would serve the public interest better than that of its competitor." Id.
As in Bio-Medical, we find that a material error in procedure occurred in this case and we therefore remand it, pursuant to the dictates of section 120.68(8), Florida Statutes (1987), with directions that Memorial's petition for a formal administrative hearing to comparatively review the parties' certificate of need applications be granted.
CAMPBELL, C.J., and SCHEB, J., concur.
NOTES
[1] We understand that the service area of Doctors and Memorial Hospitals is composed of all of Sarasota County and is not normally broken down into subareas for review purposes. However, our interpretation of Mr. Mays' review of Doctors' and Memorial's applications is that Mr. May considered the service area to be just the eastern section of the county.