ON MOTION FOR REHEARING
ALLEN, Judge.
We grant the motions for rehearing, withdraw the opinion filed on February 6, 1990, and substitute the following:
Lee Memorial Hospital (Memorial) appeals from a final order issued by appellee, the Department of Health and Rehabilitative Services (the department), which determined that Memorial lacked standing to petition for an administrative hearing relative to issuance of a certificate of need (certificate) to appellee, Southwest Florida Regional Medical Center, Inc. (Southwest).[1] We find that the department correctly applied Section 381.709(5)(b), Florida Statutes,[2] in determining that Memorial lacked standing to petition for an administrative hearing relative to issuance of a certificate to Southwest.
On September 28, 1988, Southwest, a provider of open heart surgery and other cardiac care services, filed an application for a certificate which would authorize expenditure of approximately $19.98 million to construct a new three-story clinical and *1368 ancillary services building. In early 1989, the department issued a preliminarily approved certificate[3] authorizing Southwest’s project. On February 24, 1989, Memorial filed a petition for an administrative hearing to challenge the issuance of the certificate to Southwest. Southwest intervened and moved to dismiss Memorial’s petition, alleging that Memorial lacked standing under Section 381.709(5)(b). The hearing officer agreed with Southwest’s argument, and recommended dismissal. On May 24, 1989, the department issued its final order adopting the hearing officer’s recommended order and dismissing Memorial’s petition.
The effective date of Section 381.-709(5)(b) was October 1, 1987. A savings clause contained in the comprehensive legislation of which Section 381.709(5)(b) was a part provided that “no judicial or administrative proceeding pending on July 1, 1987, shall be abated as a result of the provisions of [section 381.709(5)(b).]” See Section 381.7155(2), Florida Statutes. Since the proceeding below was not pending on July 1, 1987, the savings clause has no application to the present case. We need not decide whether the proceeding below began on September 28, 1988, the date of Southwest’s application, or on February 14, 1989, the date of Memorial’s petition for an administrative hearing, because both dates were well after the July 1, 1987 date found in the savings clause and the October 1, 1987 effective date of Section 381.709(5)(b). Consequently, Section 381.709(5)(b) was applicable to the proceeding below.
We note that on September 4, 1987, the Department issued a preliminarily approved certificate which would authorize Memorial to conduct open heart surgery. However, the mere possession of the preliminarily approved certificate, which predated Section 381.709(5)(b), did not grant Memorial any greater standing than was provided by Section 381.709(5)(b) in proceedings commenced after the July 1, 1987 date provided in the savings clause.[4]
We find Section 381.709(5)(b) applicable to the proceeding below. Under its provisions, Memorial was properly found to lack standing to challenge issuance of the certificate to Southwest. We affirm the Department’s final order dismissing Memorial’s petition.
BOOTH and MINER, JJ., concur.

. Both Memorial and Southwest are Lee County, Florida health care providers.

. All statutory references are to Florida Statutes (1987).

. The term "preliminarily approved certificate” refers to the "Notice of Intent to grant a certificate.” Section 381.709(4)(b).

. Upon a cursory review, Florida Residential Treatment Centers, Inc. v. Department of Health and Rehabilitative Services, 553 So.2d 229 (Fla. 1st DCA 1989), might be interpreted to dictate a contrary result. We note, however, that the author of the Florida Residential opinion more fully explained the holding in a recent opinion. See St. Joseph Hospital v. Department of Health and Rehabilitative Services, and Fawcett Memorial Hospital, 559 So.2d 595 (Fla. 1st DCA 1990) (Ervin, J., specially concurring). As Judge Er-vin explained, Florida Residential merely related to application of the savings clause discussed above. Florida Residential is factually distinguishable from the present case.