ON MOTION FOR REHEARING
PER CURIAM.
We grant the motions for rehearing, withdraw the opinion filed on January 31, 1990, and substitute the following:
Charter Hospital of Pasco County (Charter) has appealed a final administrative order dismissing for lack of standing its petitions to initiate formal administrative proceedings challenging the issuance of certificates of need to appellees HCA Health Services of Florida, Inc. (HCA) and PIA Psychiatric Hospitals, Inc. (PIA). We affirm.
In September 1988, HCA and PIA filed their certificate of need (CON) applications in the same batching cycle. Both applications were preliminarily approved by the Department in January 1989. In February 1989, Charter, whose own CON was approved in July 1986 but whose facilities had yet to become operable, filed petitions to initiate formal administrative proceedings to challenge the issuance of these certificates.
HCA and PIA thereafter moved to dismiss the petitions, citing Section 381.-709(5)(b), Florida Statutes (1987) for the proposition that Charter lacked the requisite standing to initiate such proceedings. That section provides that existing health care facilities may initiate administrative proceedings challenging the issuance of certificates of need upon a showing that an established program will be substantially affected by the issuance of a certificate of need to a competing proposed facility or program within the same district. The hearing officer thereafter recommended that Charter’s petitions be dismissed, and the Department subsequently entered a final order dismissing those petitions.
The effective date of Section 381.-709(5)(b) was October 1, 1987. A savings clause contained in the comprehensive legislation of which Section 381.709(5)(b) was a part provided that “no judicial or administrative proceeding pending on July 1, 1987, shall be abated as a result of the provisions of [section 381.709(5)(b)].” See § 381.7155(2), Fla.Stat. (1987). Since the proceeding below was not pending on July 1, 1987, the savings clause has no application to the present case.
We need not decide whether the proceeding below commenced in September 1988, the time at which HCA and PIA filed their CON applications, or in February 1989, the date on which Charter filed its petitions for formal administrative hearing, in that both dates are well after both the July 1, 1987 date found in the savings clause and the October 1, 1987 effective date of Section 381.709(5)(b). Consequently, Section 381.-709(5)(b) was applicable to the proceeding below, and Charter was properly found to lack standing to challenge issuance of the certificates to HCA and PIA. See St. Joseph Hospital of Charlotte, Florida, Inc. v. HRS, 559 So.2d 595 (Fla. 1st DCA 1990), *183 Ervin, J., concurring; Lee Memorial Hospital v. HRS, 560 So.2d 1367 (Fla. 1st DCA 1990).
Affirmed.
BOOTH, JOANOS and ALLEN, JJ., concur.