WENTWORTH, Judge.
Appellant seeks review of an order by which its petition requesting an administrative hearing was dismissed upon a determination that appellant lacks standing to challenge the approval of appellee Humana Hospital’s certificate of need (CON) application. We conclude that appellant was properly found to lack standing, and we therefore affirm the order appealed.
Appellant is a hospital in Palm Beach County which petitioned for an administrative hearing to contest a decision by appel-lee Department of Health and Rehabilitative Services (HRS) to allow Humana to operate an adolescent psychiatric unit in Palm Beach County. Appellant’s petition asserts that appellant has received preliminary approval to construct a short-term child and adolescent psychiatric hospital, but it was indicated that this application remains pending upon a challenge by Hu-mana. The petition further asserts that Humana received prior approval for a short-term adult and geriatric facility, and that after an HRS investigation revealed that Humana was operating an adolescent psychiatric unit Humana agreed to request a CON modification to authorize a district adolescent treatment unit. After HRS indicated that it would partially grant the modification request Humana initiated a challenge to HRS’ fixed pool rule and unsuccessfully sought to consolidate this rule challenge with its pending challenge to the preliminary approval of appellant’s CON application. Appellant then petitioned for *918 an administrative hearing to contest the preliminary HRS decision to partially approve Humana’s requested CON modification. Humana disputed appellant’s standing to bring such a challenge, and an administrative order was thereafter entered finding that appellant is not an existing health care facility with an established program and thus has not met the statutory threshold requirement for standing. Appellant’s petition for a hearing was accordingly dismissed.
Appellant argues that its substantial interests are affected by the modification of Humana’s CON, and that concepts of comparative review and fundamental fairness require that it be accorded standing to challenge the modification of Huma-na’s CON. The comparative review principles which have evolved from Ashbacker Radio Corp. v. Federal Communications Commission, 326 U.S. 327, 66 S.Ct. 148, 90 L.Ed. 108 (1945), and as delineated in BioMedical Applications of Clearwater Inc. v. Department of Health & Rehabilitative Services, 370 So.2d 19 (Fla. 2d DCA 979), are applicable to CON applications which are competing for the same fixed pool of established need. See University Medical Center Inc. v. Department of Health & Rehabilitative Services, 483 So.2d 712 (Fla. 1st DCA 1985); Gulf Court Nursing Center v. Department of Health & Rehabilitative Services, 483 So.2d 700 (Fla. 1st DCA 1985). But the modification of Humana’s CON, which was addressed to an earlier fixed pool of need, does not alter the established need which is pertinent to appellant’s later CON application. See generally, Meridian Inc. v. Department of Health & Rehabilitative Services, 548 So.2d 1169 (Fla. 1st DCA 1989); cf, Rule 10-5.-008(2)(a), F.A.C. Appellant has not shown that it is competing with Humana for the same fixed pool of need, and thus has not met its burden under University Medical with regard to the necessary criteria for entitlement to comparative review.
Section 381.709(5)(b), Florida Statutes, expressly limits standing for administrative hearings in the CON review process to applicants in the same batching cycle and to “existing health care facilities ... upon a showing that an established program will be substantially affected.... ” Since appellant has not shown that it has an application in the same batching cycle as Humana or that it has an established adolescent treatment program, it does not satisfy either of the statutory requirements as to standing for an administrative challenge to the modification of Humana’s CON. Appellant having failed to meet the requirements of section 381.709(5)(b), its petition for a hearing was properly dismissed. See Charter Hospital of Pasco County v. Department of Health & Rehabilitative Services, 563 So.2d 181 (Fla. 1st DCA 1990); Lee Memorial Hospital v. Department of Health & Rehabilitative Services, 560 So.2d 1367 (Fla. 1st DCA 1990).
The order appealed is affirmed.
ERVIN and MINER, JJ., concur.