599 So.2d 211 (1992)
HCA HEALTH SERVICES OF FLORIDA, INC. and Central Florida Regional Hospital, Inc., Appellants,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES and West Volusia Hospital Authority, Appellees.
No. 91-1513.
District Court of Appeal of Florida, First District.
May 13, 1992.
Rehearing Denied June 18, 1992.
*212 John Radey and Elizabeth McArthur of Aurell, Radey, Hinkle & Thomas, Tallahassee, for appellants.
Edward G. Labrador, Asst. General Counsel, Dept. of Health & Rehabilitative Services, Tallahassee, for appellee HRS.
Michael L. Rosen and Eleanor Joseph of Holland & Knight, Tallahassee, for appellee West Volusia Hosp. Authority.
KAHN, Judge.
Appellants, HCA Health Services of Florida, Inc. and Central Florida Regional Hospital, Inc. (HCA), appeal a final agency order denying two petitions for administrative hearing filed by HCA. We find that HCA is not entitled to a hearing under the statutory scheme governing issuance of certificates of need (CON) and affirm.
This matter arises out of a CON application filed by West Volusia Hospital Authority (West Volusia) seeking approval of the Department of Health and Rehabilitative Services (HRS) to replace and relocate West Volusia's hospital known as Fish Memorial Hospital, located in Deland, Volusia County. Appellant Central Florida Regional Hospital, Inc., according to its administrative petitions, owns and operates an acute care hospital in Seminole County, Florida, near the Volusia-Seminole County line. Appellant HCA Health Services of Florida, Inc. owns and operates several hospitals in Florida and desires an opportunity to seek a CON to establish a new hospital in western Volusia County. West Volusia seeks to replace Fish Memorial Hospital with a new facility in southwest Volusia County. While it would appear that West Volusia's new hospital would draw from a similar patient population as that currently served by Central Florida Regional Hospital, it is uncontested that Central Florida Regional is located in HRS District 5 and the new West Volusia facility would be located in HRS District 4, the district occupied by Fish Memorial.
West Volusia argues that since its proposed health care project is subject to CON review solely on the basis of section 381.706(1)(c), Florida Statutes (1989), appellants lack standing to initiate or intervene in the administrative process by virtue of the provisions of section 381.709(5)(b), Florida Statutes (1989). Section 381.709(5)(b) provides that existing health care providers, other than the CON applicant, have no standing or right to initiate or intervene in an administrative hearing involving the health care project which is subject to certificate of need review solely on the basis of section 381.706(1)(c). Section 381.706(1)(c) covers a project involving the "capital expenditure of $1 million or more by or on behalf of a health care facility ... for a purpose directly related to the furnishing of health care services at such facility." For purposes of the CON review process, capital expenditure is defined in pertinent part as an expenditure which exceeds the minimum as specified in section 381.706(1)(c) for "activities essential to acquisition, improvement, expansion, or replacement of the plant and equipment." § 381.702(1), Fla. Stat. (1989). The term "replacement" is not defined by statute. It is clear in this case that West Volusia seeks to close Fish Memorial and open a new facility, although with the same number of beds, on property it owns several miles distant from the city of Deland.
*213 Noting these factual matters, HCA argues that HRS' determination to approve West Volusia's CON substantially and adversely affects HCA. In particular, asserts HCA, the CON will allow West Volusia to establish a new hospital with a substantially different service area. Ultimately, HCA seeks the opportunity to submit a competing proposal via the statutory review cycle. § 381.709(1), Fla. Stat. (1989). HCA further challenges the HRS decision to accept West Volusia's application for review on an expedited basis.[1]
HCA asserts before this court that section 381.709, Florida Statutes (1989), regulates processing of applications in review cycles only, and accordingly section 381.709(5)(b), severely restricting standing, is not applicable in this case, because the action taken by HRS in its review of West Volusia's application was not taken pursuant to the requirements of section 381.709. HCA insists that its sole purpose in this proceeding is to require competitive review of its (hypothetical) application with that of West Volusia. This argument must fail. The very terms of the statute whose proscriptions HCA hopes to avoid refer to CON review on the basis of section 381.706(1)(c), and prohibit a petitioner such as HCA from participating in such review. See Sarasota County Public Hospital Board v. Department of Health & Rehabilitative Services, 553 So.2d 189 (Fla.2d DCA 1989) (hospital does not have standing to initiate a comparative review administrative hearing where competing hospital's application is reviewable solely as a capital expenditure project pursuant to section 381.706(1)(c)). The legislature intended by the enactment of section 381.709(5)(b) to restrict standing in CON cases. AMISUB (North Ridge General Hosp., Inc.) v. Department of Health & Rehabilitative Services, 577 So.2d 648 (Fla. 1st DCA 1991). Given this fact, it would indeed create an anomaly were we to conclude, as encouraged by HCA, that the standing requirement is potentially broader for a hospital challenging a capital expenditure project than it would otherwise be under section 381.709. We recognize HCA's concern that it will not have an opportunity to challenge HRS' determination that West Volusia's new hospital is merely a capital expenditure in the form of a replacement hospital. This, however, is a matter to be addressed to the legislature.
Finally, we find that HCA's reliance upon Bio-medical Applications of Clearwater, Inc. v. Department of Health & Rehabilitative Services, 370 So.2d 19 (Fla. 2d DCA 1979), is misplaced. Bio-medical did not turn on standing. The teaching of Bio-medical is that where two bona fide applications for administrative approval are mutually exclusive, the grant of one, without a hearing to both, deprives the loser of the hearing to which he is entitled. 370 So.2d at 23. In the present case, neither appellant asserts that it has a pending CON application that is affected by this proceeding. This court has implicitly recognized that Bio-medical will not aid an applicant who is otherwise precluded from meeting the standing requirement of section 381.709(5)(b). First Hosp. Corp. of Florida v. Department of Health & Rehabilitative Services, 566 So.2d 917 (Fla. 1st DCA 1990).
AFFIRMED.
BARFIELD and ALLEN, JJ., concur.
NOTES
[1] An HRS rule allows CON applicants who propose a capital expenditure project, including a replacement facility, to apply for a CON on an expedited basis. Rule 10-5.004(2)(f), F.A.C. See Venice Hospital, Inc. v. HRS, DOAH Cases 90-2383R, et seq. (DOAH final order, October 31, 1990).