**In re DAYTONA BEACH GENERAL HOSPITAL, d/b/a University Hospital, Debtor.**

**Andrea A. RUFF, Trustee, Plaintiff,**

**v.**

**STATE OF FLORIDA, AGENCY FOR HEALTH CARE ADMINISTRATION and West Volusia Hospital Authority, Defendants.**

**Bankruptcy No. 86–1812–BKC–6C7. Adv. No. 91–88.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

May 3, 1993.

948

Steven W. Huss, Tallahassee, FL, for plaintiff.

David E. Peterson, Orlando, FL, for defendant HRS.

Terry L. McCullough, Orlando, FL, for defendant West Volusia.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

The adversary proceeding came before the Court upon the complaint filed by the chapter 7 trustee, Andrea A. Ruff, for preliminary and permanent injunction. Plaintiff seeks to invalidate the issuance and implementation of Certificate of Need ("CON") 6555 issued by defendant State of Florida, Agency for Health Care Administration ("AHCA")[1] to defendant West Volusia Hospital Authority ("West Volusia"). The Court enters the following Findings of Fact and Conclusions of Law:

### Findings of Fact

The parties filed the following Joint Stipulation of Facts on June 16, 1992:[2]

1. On or about September 4, 1986, the Debtor filed a Chapter 11 bankruptcy petition before this Court.

2. On October 14, 1986, the bankruptcy case was converted to Chapter 7. Thereafter, Andrea A. Ruff was appointed Trustee.

3. Trustee is currently serving as trustee in Case No. 86–1821–BKC–6C7.

4. The Trustee is qualified to serve as trustee.

5. The Trustee is the plaintiff in adversary case [sic] No. 92–88.

6. The Department of Health and Rehabilitative Services (HRS) is an agency of the State of Florida and is a Defendant in this case [sic].

---

1. The proceeding was originally brought against the State of Florida, Department of Health and Rehabilitative Services, but by ordered dated January 22, 1993, the Agency for Health Care Administration was substituted as party defen- dant for the Department of Health and Rehabilitative Services.

2. All references in the Joint Stipulation of Facts to exhibits have been omitted.

7. West Volusia Hospital Authority is an independent special taxing district created under Chapter 57–2085, Laws of Florida, as amended, enacted by the legislature of the State of Florida.

8. West Volusia is a Defendant in this case [sic].

9. The HRS is the regulatory agency responsible for the administering of the State health care policy in the State of Florida. In connection with such responsibility, the HRS is responsible for issuing and terminating certificates of need for the construction of hospitals in the State of Florida.

10. The Trustee is the holder of Certificate of Need (CON) 2313.

11. The CON 2313 is under contract for sale to Orlando Regional Medical Center for $1.4 million.

12. The Application to Transfer CON 2313 from the Trustee to Orlando Regional Medical Center is currently pending before HRS.

13. On December 28, 1990, West Volusia filed an application ("Application") with the HRS seeking the issuance of a certificate of need to construct a 97–bed facility in Deltona, Florida. The Application contemplated that West Volusia would relocate its existing 97–bed facility in Deland, Florida to Deltona.

14. Both the old and newly proposed West Volusia facilities were located in the same hospital district and sub-district in which CON 2313 was issued.

15. Because the Application did not contemplate or require an expansion of the total number of beds to be provided by West Volusia, but merely a relocation of the existing facility to another site within the same hospital district and sub-district, the Application was subjected to consideration on an expedited basis under § 381.706(2), Florida Statutes (1990).

16. On or about March 31, 1991, the Trustee filed this action, seeking the entry of an injunction to prevent HRS from processing the application by West Volusia and issuing the certificate of need to West Volusia.

17. The Trustee did not file with the HRS, or any other administrative or judicial authority (other than this Bankruptcy Court), any objection to or request for hearing with respect to the Application of West Volusia.

18. On April 4, 1991, the Application was approved and the certificate of need was issued to West Volusia.

19. On April 18, 1991, this Court denied the Trustee's Motion for Preliminary Injunction. Subsequently, the Trustee filed an appeal of the decision. That appeal remains pending.[3]

A trial was held on January 22, 1993, and upon the evidence presented, the Court makes additional findings.

Prior to the conversion of the case to chapter 7, debtor selected a site in Deltona, Florida, for the hospital contemplated by CON 2313 and began construction. Subsequently, debtor ceased construction and abandoned the project. Debtor did not own the Deltona site and the owner currently has the property listed for sale.

Plaintiff does not have a site for the proposed facility, However she does have a contract for the sale of the CON to Orlando Regional Healthcare Systems ("ORHS").[4] The ORHS representative testified that the organization is considering a number of sites for the facility and has not yet made a definite decision on location.

Expert testimony establishes that the holder of CON 2313 is not required by law to build the hospital on the Deltona site originally designated in the certificate. In fact, the facility may be built anywhere within the hospital sub-district.

**3.** Since the filing of the Joint Stipulation of Facts, the District Court has rendered an Opinion on the appeal. On March 24, 1993, the Honorable G. Kendall Sharp affirmed this Court's orders denying the preliminary injunction. Case Nos. 91–306–CIV–ORL–18 and 91–307–CIV–ORL–18, Consolidated Appeals.

**4.** Orlando Regional Healthcare Systems was formerly known as Orlando Regional Medical Center.

Defendant West Volusia's replacement hospital is located fifteen to twenty miles from the original site for CON 2313. The primary service area for a hospital generally only extends six to eight miles.

The replacement facility contemplated by defendant West Volusia's CON 6555 is less than eight miles from the old location. Once the CON was issued, defendant West Volusia acquired a site and commenced construction. Work on the replacement facility has continued to progress.

### Conclusions of Law

■ In order to obtain a permanent injunction, the plaintiff must prove the following:

1. that she has a meritorious claim;
2. that she will suffer irreparable injury if the injunction is not granted;
3. that such injury outweighs the harm which granting injunctive relief would inflict upon defendants; and
4. that the public interest will not be adversely affected by the granting of an injunction.

*Caroline T. v. Hudson School District,* 915 F.2d 752 (1st Cir.1990); *K–Mart Corp. v. Oriental Plaza, Inc.,* 875 F.2d 907 (1st Cir.1989).

### 1. Merits of Plaintiff's Claim

■ Plaintiff argues that the estate will be irreparably harmed if defendant West Volusia moves its hospital from Deland to Deltona. The alleged injury arises out of the additional competition that such facility would give to a medical center built pursuant to CON 2313. However, the mere incidence of such injury is not sufficient to establish a right to injunctive relief. Plaintiff must also establish a clear substantive right to be protected from such injury. *Lopez v. Garriga,* 917 F.2d 63, 68 (1st Cir.1990); *Rosenberg v. Meese,* 622 F.Supp. 1451, 1476 (S.D.N.Y.1985).

■ The Court is aware of no authority that gives the holder of a certificate of need a right to complain about the relocation of an existing hospital facility within the same sub-district. In fact, Florida law

denies the plaintiff standing to raise such an objection. Florida Statutes § 381.-709(5)(b).

The Florida courts have considered such an issue in a case involving defendant West Volusia's CON. *HCA Health Services Inc. v. Department of Health and Rehabilitative Services,* 599 So.2d 211 (Fla.App. 1st Dist.1992). HCA Health Services of Florida, Inc. ("HCA") and Central Florida Regional Hospital, Inc. ("CFRH") sought to intervene in the administrative hearings relating to the issuance of the CON. HCA owned and operated several hospitals in central Florida and was considering securing a CON to establish another facility in western Volusia County. CFRH owed and operated an acute care center in Seminole County, near the site proposed under CON 2313. Both entities raised arguments paralleling plaintiff's and the Department of Health and Rehabilitative Services denied the requests to intervene.

On appeal, the Florida District Court affirmed the final agency order and held that the legislature effectively denied appellants standing to contest the issuance of a certificate of need under the given circumstances. The Florida Supreme Court denied the subsequent petition for review filed by appellants. *HCA Health Services, Inc. v. Department of Health & Rehabilitative Services,* 613 So.2d 5 (Fla.1992).

■ Plaintiff's property rights are determined by Florida law. *In re FCX, Inc.* 853 F.2d 1149 (4th Cir.1988), *cert. denied, Universal Cooperatives, Inc. v. FCX, Inc.,* 489 U.S. 1011, 109 S.Ct. 1118, 103 L.Ed.2d 181 (1989). Plaintiff has no standing under Florida law to complain about the issuance of defendant West Volusia's CON and the Bankruptcy Code does not expand those rights. *Paul v. Monts,* 906 F.2d 1468 (10th Cir.1990).

■ Additionally, plaintiff argues that the issuance of defendant West Volusia's CON violated the automatic stay by creating competition to plaintiff's CON. The application process undertaken by defendant West Volusia to procure a CON did not involve an action or a proceeding

against the debtor, therefore no violation under § 362(a)(1) has occurred.

■ Nor can the process be described as an "act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" as contemplated in § 362(a)(3). Defendant West Volusia complied with the applicable regulations necessary to replace an outdated facility with a modern medical center. The regulations contemplate participation by the State of Florida and the applicant, specifically denying standing to all others. The process did not impact on any legally protected property interest held by plaintiff. The estate's rights under its CON remained constant and were not altered by the issuance of defendant West Volusia's CON.

Finally, the plaintiff maintains that the issuance of the later CON was in effect a transfer of market share from the estate's CON to a third party in violation of § 549.[5] Again, since plaintiff held no legally protected property interest that was impacted by the application for or issuance of CON 6555, there was no transfer which is actionable under § 549.

Having concluded that none of the claims that the CON was improperly issued are meritorious, plaintiff has not sustained her burden on the first prong of the permanent injunction test.

### 2. Irreparable Injury to Plaintiff

■ Plaintiff next bears the burden of proving that irreparable harm to the estate will result if the injunction is not granted. The evidence shows neither plaintiff nor the prospective buyer has acquired a site to be utilized under CON 2313. Without a specific location designated, the impact of defendant West Volusia's CON on plaintiff is speculative at best. The holder of CON 2313 could lawfully build anywhere within the hospital sub-district and the primary service area for a hospital is generally only six to eights miles. Potentially the two facilities could have absolutely no overlap in primary service area.

At this point, plaintiff's main interest in CON 2313 revolves around the pending contract for sale to ORHS. The buyer's representative testified that once the transfer was approved there would be no legal obstacle to closing the sale. ORHS is aware of defendant West Volusia's CON and is still prepared to go forward with the deal. The application for and issuance of CON 6555 has not deterred the buyer, consequently the Court finds that plaintiff has failed to carry her burden to prove irreparable harm.

### 3. Harm to Defendants

■ Defendant AHCA has relied on CON 6555 in making regulatory decisions. The validity of the certificate has been assumed for the last five and one-half years of health care planning done by defendant AHCA. Enjoining the implementation of such certificate would render such planning obsolete and require complete revision.

In addition, defendant West Volusia has acquired a site and begun construction on the project. Thus, it has expanded considerable amounts of time and money in reliance on the certificate.

Consequently, the harm that injunctive relief would impose on the two defendants outweighs the potential harm to plaintiff if such relief is not granted.

### 4. Public Interest

Defendant West Volusia has begun construction of its hospital, which should be completed by mid–1994. The plaintiff, on the other hand, has not procured a site for the project and is not prepared to begin construction. Defendants argue that granting the injunction would only delay completion of hospital facilities in the Deltona area, thus harming the public.

However, the evidence does not indicate that an overwhelming need for additional hospital facilities in the area exists. Accordingly, the Court finds that the public interest will not be impacted one way or the other by the issuance of an injunction in this proceeding.

---

5. Section 549 involves postpetition transactions and grants the trustee the ability to avoid unauthorized postpetition transfers of estate property.

**952**

### 5. Conclusion

Having failed to prove that she has a meritorious claim, that denial of injunctive relief will result in irreparable injury to the estate, or that such harm outweighs harm to the defendants resulting from issuance of an injunction, plaintiff has failed meet her burden.

A separate judgment in favor of defendants and against the plaintiff will be entered.