PER CURIAM.
Gulf Coast Health Care, Inc. (Gulf Coast) petitions for review of nonfinal orders of a Department of Administrative Hearings (DOAH) hearing officer, and of the Agency for Health Care Administration (AHCA). We reviewed substantially similar orders in Cleveland Clinic Florida Hospital v. Agency for Health Care Administration, 679 So.2d 1237 (1996), in which we quashed the order of the hearing officer and reversed the order entered by AHCA As in Cleveland Clinic, we find it necessary to reverse the orders on appeal here for the same reasons stated in that case, although the eases are somewhat factually, but not materially, different.
Gulf Coast purchased the nursing home in question at a foreclosure sale, and was sub *339 stituted as a party in a license revocation proceeding subsequently initiated by AHCA. By joint stipulation in the revocation proceeding, AHCA agreed to issue an inactive license to Gulf Coast, and Gulf Coast agreed to apply for a Certificate of Need (CON) to construct a new replacement facility elsewhere in Sarasota County. Pursuant to the agreement, Gulf Coast timely submitted a CON application for a capital expenditure to build the replacement nursing home, and sought expedited review. AHCA initially determined that the application was subject to noncompetitive expedited review, but subsequently issued its state agency action report (SAAR) denying the application for reasons unrelated to this appeal.
Gulf Coast petitioned for a formal administrative hearing and a hearing was scheduled. Prior to the hearing, petitions to intervene were filed by intervenors Kensington Manor, Inc. and Manor Care of Sarasota, Inc. On the date scheduled for disposition of the motions to intervene, AHCA issued its order in the Cleveland Clinic ease, setting forth its new policy regarding the requirement of comparative review of applications for replacement of health care facilities at a new location. The hearing officer subsequently entered an order remanding the ease back to AHCA, and Gulf Coast petitioned for review in this Court. This Court subsequently relinquished jurisdiction to AHCA, as it did in Cleveland Clinic, for an order determining the type of review to be accorded Gulf Coast’s application. On remand, AHCA entered the order presently under review, in which it determined that Gulf Coast’s application did not qualify for expedited review as a capital expenditure because Gulf Coast did not propose to rebuild the nursing home at its existing site.
AHCA’s order in this case does not differ in any material respect from that entered in Cleveland Clinic, and we find our discussion of the issues and our conclusions of law as expressed in our opinion and decision in that case dispositive of the issues in this appeal. We therefore write only to dispose of certain contentions not present in the Cleveland Clinic case.
In the case before us, the respondent in-tervenors assert that AHCA has determined that the proposed project includes the construction of additional health care facilities as contemplated by section 408.036(l)(b), Florida Statutes, as well as the provision of new health care services as specified in section 408.036(l)(h). As Gulf Coast points out, however, the agency made no such findings or conclusions in the order before us.
The agency’s order does make reference to Rule 59C-1.002(36), which defines “replacement facility” as follows:
Replacement facility means a nursing facility which is constructed on the same site or a site contiguous to the existing nursing home facility and which will not result in an increase in the number of beds.
We find the reference to this rule inapposite to the issues before us. We are here concerned with the terms “replacement” as used in section 408.032(1), Florida Statutes, and “at such facility,” as used in 408.036(l)(c). The rule above-quoted instead simply reflects the language of section 408.036(3), entitled “Exemptions.” That section provides, in pertinent part, that an exemption from CON review shall be granted upon request, and includes within those projects so exempted projects described in subparagraph (f), as follows:
(f) For any expenditure to replace or renovate any part of a licensed nursing facility, provided that the number of licensed beds will not increase and, in the case of a replacement facility, the project site is the same as the facility being replaced.
First, Gulf Coast did not request exemption from CON review of its replacement project. Second, we find nothing in this exemption provision and the accompanying rule to alter AHCA’s long-standing policy and practice of subjecting to expedited, noncomparative review capital expenditures for the replacement of existing facilities by the construction of new facilities at a different location. The rule makes no reference to the type of review to be undertaken for projects not exempt from CON review under the statute.
Finally, as pointed out by Gulf Coast, we note that neither of the intervenors in *340 this case allege that they have pending CON applications which will be affected by Gulf Coast’s project. In this respect, these inter-venors thus fail even to begin to meet the threshold standing requirements of section 408.039(5)(b), as explained in our decision in HCA Health Services of Florida, Inc. v. Department of Health and Rehabilitative Services, 599 So.2d 211 (Fla. 1st DCA 1992), rev. denied, 613 So.2d 5 (Fla.1992).
Although Gulf Coast has raised other legal issues in its briefs and arguments, including matters of res judicata, collateral estoppel, due process and equal protection of the laws, we find it unnecessary to expound further on these matters in view of our conclusion that our Cleveland Clinic decision requires reversal here.
Accordingly, the hearing officer’s order granting intervention and remanding to AHCA, and AHCA’s order for comparative review are REVERSED, and this cause is remanded to DOAH for a formal administrative hearing consistent with this opinion.
ERVIN and KAHN, JJ., and SMITH, Senior Judge, concur.